UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

Freddy A. Mallaguare,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Davie Motorsport Enterprises, Inc.
And Doron Avi Shtaeinweis,
individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

    Comes now the Plaintiff Freddy A. Mallaguare and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Davie Motorsport Enterprises, Inc. and Doron Avi Shtaeinweis, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Freddy A. Mallaguare is a resident of Broward County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act. Plaintiff's complete name is Freddy A. Mallaguare Barros.

3. Defendant Davie Motorsport Enterprises, Inc. (from now on Davie Motorsport, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Broward

County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendant Doron Avi Shtaeinweis was and is now the owner/partner/officer and manager of Defendant corporation Davie Motorsport. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Freddy A. Mallaguare as a collective action to recover from Defendants overtime compensation, retaliatory and liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2020, (the "material time") without being adequately compensated.

7. Defendant Davie Motorsport was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is an auto repair shop and car wash business. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the

combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendants Davie Motorsport and Doron Avi Shtaeinweis employed Plaintiff Freddy A. Mallaguare as a non-exempted, full-time employee from approximately March 15, 2015, to January 30, 2023, or more than seven years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

10. Plaintiff had duties as a car washer, detailer, and mechanic shop assistant. Plaintiff was paid an hourly rate of $15.55 an hour.

11. During his time of employment with Defendants, Plaintiff Freddy A. Mallaguare was wrongly classified as an "Independent Contractor or Vendor." On or about June 2017, Defendants required Plaintiff to file a corporation as a condition for continued employment. Plaintiff filed a Corporation under the name of Freddy's Barros Corp. However, Plaintiff was an employee of Defendants under the Department of Labor and IRS regulations.

12. At all times, Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff was a full-time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendants consistently 58 hours or more weekly for a period of more than 156 weeks; 3) Plaintiff depended exclusively of his employment with

Defendants, and he did not have any other job during his seven years and ten months of employment with Defendants; 4) Defendants had absolute control over Plaintiff's hours of work, they provided Plaintiff with his work schedule and assigned his duties and tasks. Due to the nature of the business, Defendants closely monitored Plaintiff, demanding high velocity performing his work; 5) Plaintiff did not have any discretion to perform his work assignments or authority to refuse them; 4) The work performed by Plaintiff was an integral part of the Defendants' business; 5) Plaintiff performed his work entirely at the Defendants' facilities, exclusively for Defendants' customers and used Defendants' equipment and supplies; 6) Plaintiff never used any discretion, he just followed pre-established procedures.

13. By reason of the foregoing, Plaintiff Freddy A. Mallaguare was an employee of Davie Motorsport and Doron Avi Shtaeinweis, within the meaning of 29 USC § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 USC § 203 (d), and they were required to comply with the mandates of the FLSA as it applied to Plaintiff and other similarly situated individuals.

14. While employed by Defendants, Plaintiff worked five days per week. Plaintiff worked Monday, Thursday, and Friday from 8:00 AM to 6:00 PM (10 hours daily). On Tuesday and Thursday, Plaintiff worked from 8:00 AM to 10:00 PM (14 hours daily). Plaintiff completed 53 working hours every week. Plaintiff has already deducted 1 hour of lunchtime daily, or 5 hours weekly.

15. Defendants paid Plaintiff a different amount every week, but Plaintiff was paid weekly for an average of 48 hours at his regular rate of $15.55 an hour. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

16. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours, as required by law.

17. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

18. Therefore, Defendant willfully and intentionally failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

20. Plaintiff disagreed with his extended working hours and the lack of payment for overtime hours.

21. Plaintiff complained multiple times to his manager Doron Avi Shtaeinweis about unpaid overtime wages.

22. On or about January 20, 2023, Plaintiff complained about the lack of payment of overtime hours for the last time.

23. As a result, using pretextual reasons, Defendants fired Plaintiff on or about January 30, 2023.

24. At times mentioned, individual Defendant Doron Avi Shtaeinweis was, and is now, the owner/partner/manager of Davie Motorsport. Defendants Doron Avi Shtaeinweis was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted

directly in Davie Motorsport's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Doron Avi Shtaeinweis had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

25. Plaintiff Freddy A. Mallaguare seeks to recover unpaid overtime wages for every hour worked over 40 during his relevant employment period, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

26. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

28. This action is intended to include every car washer and detailer, mechanic assistant, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

29. Plaintiff Freddy A. Mallaguare re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

30. This cause of action is brought by Plaintiff Freddy A. Mallaguare as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as

amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2020, (the "material time") without being adequately compensated.

31. Defendants Davie Motorsport and Doron Avi and Shtaeinweis employed Plaintiff Freddy A. Mallaguare as a non-exempted, full-time employee from approximately March 15, 2015, to January 30, 2023, or more than seven years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

32. Plaintiff had duties as a car washer, detailer, and mechanic shop assistant. Plaintiff was paid an hourly rate of $15.55 an hour.

33. During his time of employment with Defendants, Plaintiff Freddy A. Mallaguare was wrongly classified as an "Independent Contractor or Vendor." However, Plaintiff was an employee of Defendants under the Department of Labor and IRS regulations.

34. Plaintiff Freddy A. Mallaguare was an employee of Davie Motorsport and Doron Avi Shtaeinweis, within the meaning of 29 USC § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 USC § 203 (d), and they were required to comply with the mandates of the FLSA as it applied to Plaintiff and other similarly situated individuals.

35. While employed by Defendants, Plaintiff worked five days per week from Monday to Friday, an average of 53 hours. Plaintiff has already deducted 1 hour of lunchtime daily, or 5 hours weekly.

36. Defendants paid Plaintiff a different amount every week, but Plaintiff was paid an average of 48 hours at his regular rate of $15.55 an hour. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

37. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours, as required by law.

38. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

39. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

40. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

41. Plaintiff was fired on or about January 30, 2023, after he complained about unpaid overtime hours.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Twenty-Seven Thousand Three Hundred Seventy Dollars and 17/100 ($27,370.17)

   b. <u>Calculation of such wages</u>:

   Total period of employment: more than 7 years
   Relevant weeks of employment: 153 weeks
   Total number of hours worked: 53 hours weekly
   Regular rate: $15.55 x 1.5=$23.33 O/T rate
   O/T rate: $23.33 an hour
   Half-time: $7.78 an O/T hour

   1.- Half-time Overtime for 8 hours paid at regular rate

   Half-time $7.78 x 8 O/T hours=$62.24 weekly x 153 weeks=$9,522.72

   2.- Overtime for 5 hours paid at $0.00

   O/T rate $23.33 x 5 O/T hours=$116.65 weekly x 153 weeks=$17,847.45

   Total #1 and #2: $27,370.17

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid half-time overtime wages.[1]

45. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

46. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

47. Defendants Davie Motorsport and Doron Avi Shtaeinweis willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

48. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action, and he is obligated to pay a reasonable Attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Freddy A. Mallaguare and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Freddy A. Mallaguare and other similarly situated individuals and against the Defendants Davie Motorsport and Doron Avi Shtaeinweis based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Freddy A. Mallaguare actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Freddy A. Mallaguare demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

49. Plaintiff Freddy A. Mallaguare re-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

50. Defendant Davie Motorsport was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

51. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

52. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

53. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendants Davie Motorsport and Doron Avi and Shtaeinweis employed Plaintiff Freddy A. Mallaguare as a non-exempted, full-time employee from approximately March 15, 2015, to January 30, 2023, or more than 7 years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

55. Plaintiff had duties as a car washer, detailer, and mechanic shop assistant. Plaintiff was paid an hourly rate of $15.55 an hour.

56. During his time of employment with Defendants, Plaintiff Freddy A. Mallaguare was wrongly classified as an "Independent Contractor or Vendor." However, Plaintiff was an employee of Defendants under the Department of Labor and IRS regulations.

57. Plaintiff Freddy A. Mallaguare was an employee of Davie Motorsport and Doron Avi Shtaeinweis, within the meaning of 29 USC § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 USC § 203 (d), and they were required to comply with the mandates of the FLSA as it applied to Plaintiff and other similarly situated individuals.

58. While employed by Defendants, Plaintiff worked five days per week from Monday to Friday, an average of 53 hours.

59. Every week Defendants paid Plaintiff a different amount, but Plaintiff was paid an average of 48 hours at his regular rate of $15.55 an hour. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

60. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours, as required by law.

61. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

62. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

63. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

64. Plaintiff disagreed with his extended working hours and the lack of payment for overtime hours, and he complained multiple times to his manager Doron Avi Shtaeinweis about unpaid overtime wages. Defendant Doron Avi Shtaeinweis always answered: "Do not worry, I am going to take care of you," but he never fixed anything.

65. These complaints constituted protected activity under the FLSA.

66. On or about January 20, 2023, Plaintiff complained about the lack of payment of overtime hours for the last time.

67. This complaint constituted protected activity under the FLSA.

68. However, as a direct result of Plaintiff's complaints, Defendants, using pretextual reasons, fired Plaintiff on or about January 30, 2023.

69. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

70. There is close proximity between Plaintiff's last protected activity and his termination.

71. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

72. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

73. Plaintiff Freddy A. Mallaguare has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorney's fee.

Prayer For Relief

Wherefore, Plaintiff Freddy A. Mallaguare respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Davie Motorsport and Doron Avi Shtaeinweis that Plaintiff Freddy A. Mallaguare recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Davie Motorsport and Doron Avi Shtaeinweis to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Freddy A. Mallaguare further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Freddy A. Mallaguare demands a trial by a jury of all issues triable as a right by a jury.

Date:  February 28, 2023

Respectfully submitted,

By:  /s/ Zandro E. Palma
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*